962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Duane TAMBORRINO, Petitioner-Appellee,
v.
Eddie R. MYERS, Warden; Attorney General of the State of
California, Respondents-Appellants.
 No. 91-55235.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1992.
Decided April 23, 1992.
 
 Before GOODWIN, WILLIAM A. NORRIS and NOONAN, Circuit Judges.
 MEMORANDUM*
 California appeals the district court's grant of habeas corpus to appellee Gary Duane Tamborrino. We reverse.
 At his trial for first degree residential robbery, Tamborrino took the stand in his own defense. Tamborrino's testimony contradicted the testimony of Deborah Clarke, who was the robbery victim and the prosecution's chief witness, that she had not previously met Tamborrino. Tamborrino testified that he had sold Clarke "bunk" cocaine and that his fingerprint, which was found on her jewelry box, must have been made at that time. Over defense counsel's objections, the trial judge then questioned Tamborrino about whether he had told his counsel the story that he had just related on the stand. See People v. Tamborrino, 215 Cal.App.3d, 575, 591-92 (Cal.Ct.App.1989) (Johnson, J., dissenting).
 
 
 1
 California concedes that the trial judge's questions violated attorney-client privilege. However, it contends that granting Tamborrino habeas relief would create a "new rule" in violation of Teague v. Lane, 489 U.S. 288 (1989), and its progeny. It is beyond dispute that under Ninth Circuit precedent at the time Tamborrino's conviction became final, some violations of attorney-client privilege are also violations of a defendant's Sixth Amendment right to counsel. See, e.g., Clutchette v. Rushen, 770 F.2d 1469, 1471 (9th Cir.1985), cert. denied, 475 U.S. 1088 (1986). In this case, we must decide "whether granting the relief sought would create a new rule because the prior decision is applied in a novel setting, thereby extending the precedent." Stringer v. Black, 60 U.S.L.W. 4212, 4216 (Mar. 6, 1992). The answer turns on whether application of existing precedent to the facts of the case is "susceptible to debate among reasonable minds." Butler v. McKellar, 494 U.S. 407, 415 (1990).
 
 
 2
 The cases upon which Tamborrino relies all involved violations of attorney-client privilege by the police or prosecutor. See Weatherford v. Bursey, 429 U.S. 545, 547-49 (1977); Clutchette, 770 F.2d at 1470; Bishop v. Rose, 701 F.2d 1150, 1151 (6th Cir.1983). None involved a violation of attorney-client privilege by a trial judge. Tamborrino also relies on Walberg v. Israel, 766 F.2d 1071, 1076 (7th Cir.), cert. denied, 474 U.S. 1013 (1985), for the proposition that actions of a trial judge may deny a defendant his Sixth Amendment right to counsel. However, Walberg did not involve a violation of attorney-client privilege. See id. at 1076. In our view, the applicability of existing precedents to violations of attorney-client privilege by a trial judge is susceptible to debate. One might argue, for example, that deterring prosecutorial misconduct lies at the heart of the attorney-client privilege/Sixth Amendment cases and that no Sixth Amendment violation should be recognized when government agents have not deliberately intruded upon a privileged relationship. See Clutchette, 770 F.2d at 1472 (distinguishing intrusion on attorney-client privilege by a third party).[1] Furthermore, we note that the California Court of Appeal thought that Tamborrino's case was distinguishable from cases involving violations of attorney-client privilege by the police or prosecution. Tamborrino, 215 Cal.App.3d at 583 ("This is not our case."). We conclude, therefore, that granting habeas relief to Tamborrino would create a "new rule" of constitutional law, which a federal court may not do on habeas review.[2]
 
 
 3
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Of course, we express no opinion about the merit of such an argument other than to conclude that it is a reasonable one
 
 
 [2]
 Tamborrino does not contend that either of the two exceptions to Teague apply to his case. See Teague, 489 U.S. at 311-12